**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-4080**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MARCUS DEANTE BENNETT,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.  James R. Spencer, Senior District Judge.  (3:15-cr-00134-JRS-1)

Submitted:  May 19, 2021                                 Decided:  May 28, 2021

Before KEENAN, THACKER, and RUSHING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Geremy C. Kamens, Federal Public Defender, Frances H. Pratt, Assistant Federal Public Defender, Nia Ayanna Vidal, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Alexandria, Virginia, for Appellant.  Dana J. Boente, United States Attorney, Alexandria, Virginia, Richard D. Cooke, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In 2015, Marcus Deante Bennett pleaded guilty to Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a), and possessing and brandishing a firearm during and in relation to a crime of violence—to wit, Hobbs Act robbery—in violation of 18 U.S.C. § 924(c). Before sentencing, Bennett moved to withdraw his guilty plea to the § 924(c) charge, asserting that Hobbs Act robbery no longer qualified as a crime of violence in light of *Johnson v. United States*, 576 U.S. 591, 606 (2015) (holding that residual clause of Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B)(ii), is unconstitutionally vague). The district court denied the motion, concluding that Hobbs Act robbery categorically qualified as a crime of violence for purposes of § 924(c). Bennett appeals that decision, and we affirm.

"Rule 11[, Fed. R. Crim. P.,] authorizes the withdrawal of a guilty plea before sentencing if the defendant can show a fair and just reason for requesting the withdrawal." *United States v. Nicholson*, 676 F.3d 376, 383 (4th Cir. 2012) (internal quotation marks omitted); *see* Fed. R. Crim. P. 11(d)(2)(B). "A defendant has no absolute right to withdraw a guilty plea, and the district court has discretion to decide whether a fair and just reason exists upon which to grant a withdrawal." *Nicholson*, 676 F.3d at 383-84 (internal quotation marks omitted). In making this determination, the district court may consider "whether the defendant has credibly asserted his legal innocence." *Id.* at 384 (citing *United States v. Moore*, 931 F.2d 245, 248 (4th Cir. 1991)).

Our decision in *Mathis* confirmed the district court's conclusion that Hobbs Act robbery is a valid § 924(c) predicate. *See United States v. Mathis*, 932 F.3d 242, 266 (4th

2

Cir. 2019) (holding that Hobbs Act robbery categorically qualifies as crime of violence under § 924(c)). Thus, the district court correctly rejected Bennett's legal innocence claim and, consequently, acted within its discretion in denying Bennett's motion to withdraw.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*